IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. O'NEILL,<br>        Plaintiff, | )<br>)<br>) |
| vs | ) Civil Action No. 05-1338 |
| JOHN W. SNOW,<br>Secretary of the Treasury<br>        Defendant. | )<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendant's motion to dismiss or, in the alternative, for summary judgment (Docket No. 6), treated as a motion for summary judgment, be denied.

II. Report:

Presently before the Court is a motion to dismiss or, in the alternative, for summary judgment submitted by the defendant, John W. Snow, Secretary of the Treasury.

On September 23, 2005, the plaintiff, John T. O'Neill, commenced this action by filing a complaint against the defendant. In his complaint, the plaintiff alleges that the defendant unlawfully terminated his employment as a probationary contact representative for the Internal Revenue Service due to his disability of an arthritic condition of his hips and knees. The plaintiff asserts that the defendant's conduct violates the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., for which he seeks equitable and monetary relief including reinstatement to his position, front pay, back pay, compensatory damages, punitive damages, attorney's fees and costs. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

The plaintiff was hired as a probationary contact representative on October 15, 2002. He contends that at the time of his hire, he had an advanced arthritic condition of his hips

and knees, of which the defendant was aware. The plaintiff also avers he informed a supervisor he would need to take time off from work, as he was having surgery for his condition.

It is alleged in the complaint that the defendant sent a proposal to terminate the plaintiff's employment for purportedly falsifying his application for employment; that in response, the plaintiff sent a letter stating he did not knowingly falsify or make an unsupported statement on his application; but that nonetheless, the defendant terminated his employment effective November 17, 2003. The plaintiff contends that he then "filed a charge of disability discrimination with the internal Department of the Treasury that culminated in a written decision issued on June 15, 2005, but received by [him] quite sometime later ... which included a right to sue provision."[1]

As recited above, the plaintiff filed his complaint in this action on September 23, 2005, alleging that the defendant terminated his employment on the basis of his disability in violation of the Rehabilitation Act. According to the plaintiff, the defendant made no effort to accommodate his disability, nor analyze the effect it had on his ability to work, and rather than conduct such inquiry, the defendant simply discharged him.

The defendant filed an answer to the complaint, denying liability. In the midst of discovery, the defendant submitted his current motion, arguing that the Court lacks subject matter jurisdiction over this action, as the plaintiff failed to timely exhaust his administrative remedies before commencing suit.

In support of his motion, the defendant has submitted several documents issued by the Department of the Treasury, Internal Revenue Service (hereinafter, the "Agency"), which reveal as follows. On October 16, 2003, the Agency sent the plaintiff a notice of proposed termination for making a false statement on an employment document, stating:

> You answered 'no' to question number 12, OF-306, 'Declaration
> of Federal Employment', which states: 'During the last 5 years,
> have you ever been fired from any job for any reason, did you

---

1. See, complaint at ¶ 4.

> quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal Agency?' A background investigation revealed that you were discharged for unfavorable employment or conduct due to the fact that you could not meet company productivity standards.[2]

On November 12, 2003, an Operations Manager for the Agency informed the plaintiff that his employment would be terminated effective November 17, 2003, explaining:

> In a letter dated October 16, 2003, it was proposed to terminate your employment with the Internal Revenue Service for the reason contained therein.
>
> I have carefully considered your written reply dated November 4, 2003.
>
> It is my decision that the reason and specification are sustained.
>
> It is my decision that you be terminated effective... November 17, 2003...[3]

On February 7, 2004, the plaintiff filed a complaint of employment discrimination with the Agency (the "EEO complaint"), alleging that he was unlawfully terminated due to his physical disability of an arthritic hip.[4] On March 18, 2004, the Agency accepted the plaintiff's EEO complaint, and in June 2004, it investigated the matter.[5]

On June 15, 2005, a Final Agency Decision was issued, which concluded that "a finding of no discrimination is appropriate in this matter", and "[t]he Complainant is not entitled to relief."[6] On June 15, 2005, a copy of the Final Agency Decision was mailed to the plaintiff by certified mail[7]; the defendant also avers the Final Agency Decision was mailed to the plaintiff by first class mail. On June 24, 2005, the plaintiff received his copy of the Final Agency Decision

---

2. See, Exhibit B to the defendant's brief in support of his current motion.

3. See, Exhibit C to the defendant's brief in support of his current motion.

4. See, Exhibits D and E to the defendant's brief in support of his current motion.

5. See, Exhibit E to the defendant's brief in support of his current motion at p. 1.

6. Id. at p. 6.

7. See, Exhibit F to the defendant's brief in support of his current motion.

via certified mail.[8] The defendant avers that a copy of the Final Agency Decision was also mailed to plaintiff's counsel, Daniel Iler, by first class and certified mail, and that on July 6, 2005, Mr. Iler received the Final Agency Decision via certified mail.[9]

In pertinent part, the Final Agency Decision apprised the plaintiff of his appeal rights as follows:

> If you are dissatisfied with this decision, you have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court...
>
> You have the right to appeal this decision to the EEOC within 30 days of the day you receive this final agency decision...
>
> You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to [the] EEOC...

Significantly, the Final Agency Decision also provided: "If you are represented by an attorney, the time periods begin to run from the date your attorney receives this decision."[10]

The plaintiff did not appeal the Final Agency Decision to the EEOC. Rather, he commenced this action by filing a complaint against the defendant on September 23, 2005. The defendant argues that this case should be dismissed, as the plaintiff's complaint was filed beyond the 90 day time period, such that he failed to timely exhaust his administrative remedies.

The defendant's motion to dismiss is brought pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6). The Third Circuit Court of Appeals has explained that "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). That is because "questions of whether a plaintiff has timely exhausted the administrative remedies... are in the

---

8. Id.

9. See, Exhibit G to the defendant's brief in support of his current motion.

10. See, Exhibit E to the defendant's brief in support of his present motion at pp. 7-8.

nature of statutes of limitation [which] do not affect the district court's subject matter jurisdiction." Id. at 1021.  Accord, Anjelino v. New York Times, 200 F.3d 73, 87 (3d Cir. 2000) ("Failure to exhaust [administrative remedies] is in the nature of statutes of limitation ... Thus, the District Court should have considered the exhaustion and timeliness defenses ... under Rule 12(b)(6), rather than under Rule 12(b)(1)"); Phillips v. Sheraton Society Hill, 2005 WL 3484200, *1 (3d Cir., Dec. 21, 2005) ("Nonexhaustion constitutes a possible ground for dismissal for failure to state a claim under F.R.Civ.P. 12(b)(6)").  Thus, we will construe the defendant's motion to dismiss under Rule 12(b)(6).

In Robinson, supra, our Court of Appeals stated: "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."  107 F.3d at 1020.  Under regulations pertinent to this case, a claimant must file a civil action in an appropriate federal district court within 90 days of receiving a final agency decision on his EEO complaint.  29 C.F.R. § 1614.407(a).

We cannot discern from the face of the complaint when the plaintiff received the Final Agency Decision, for as noted above, he alleges he received it "quite sometime later" than June 15, 2005.[11]  Thus, we have considered the aforesaid documents attached to the defendant's brief.  Our review of these documents does not convert the defendant's Rule 12(b)(6) motion to one for summary judgment, for "a defendant may supplement the complaint by adding exhibits such as public records and other indisputedly authentic documents underlying the plaintiff's claims."  Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

As noted above, the Agency issued its Final Agency Decision on June 15, 2005. On that same day, the defendant avers that a copy of the Final Agency Decision was mailed to the plaintiff and his counsel via both regular and certified mail.  On June 24, 2005, the plaintiff received his copy of the Final Agency Decision by certified mail.  On July 6, 2005, the plaintiff's

---

11. See, complaint at ¶ 4.

attorney, Daniel Iler, received his copy of the Final Agency Decision by certified mail. On September 23, 2005, the complaint in this action was filed.

In opposing the defendant's current motion, the plaintiff, John T. O'Neill, and his attorney, Daniel Iler, have each submitted an affidavit. In his affidavit, Mr. O'Neill avers that he received the Final Agency Decision by certified mail, but he did not receive it by regular mail.[12] Similarly, Mr. Iler avers in his affidavit that he only received a copy of the Final Agency Decision by certified mail, and he received no copy of it by regular mail.[13] Mr. Iler acknowledges that he received the Final Agency Decision by certified mail on July 6, 2005.[14]

Having reviewed the affidavits submitted by Mr. O'Neill and Mr. Iler, which are matters outside the pleadings, the defendant's Rule 12(b)(6) motion should be treated as one for summary judgment. F.R.Civ.P. 12(b). Summary judgment is appropriate if no genuine issue of material fact is in dispute, and the movant is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); Biener v. Calio, 361 F.3d 206, 210 (3d Cir. 2004).

As discussed above, the Final Agency Decision informed the plaintiff: "If you are represented by an attorney, the time periods begin to run from the date your attorney receives this decision."[15] The record shows that the plaintiff's attorney, Daniel Iler, received the Final Agency Decision by certified mail on July 6, 2005. "When the actual date of receipt [of a right-to-sue notice] is known, that date controls." Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236, 239 (3d Cir. 1999). Since attorney Iler received the Final Agency Decision on July 6, 2005, the plaintiff's complaint was filed within 90 days from the date Iler received the Final Agency Decision. Thus, the plaintiff timely exhausted his administrative remedies.

---

12. See, affidavit of John T. O'Neill at ¶¶ 4-5 (attached to the plaintiff's brief opposing the defendant's current motion).

13. See, affidavit of Daniel Iler at ¶ 3 (attached to the plaintiff's brief opposing the defendant's current motion).

14. Id. at ¶¶ 6-7.

15. See, Exhibit E to the defendant's brief in support of his present motion at p. 7.

Therefore, it is recommended that the defendant's motion to dismiss, or in the alternative, for summary judgment, treated as a motion for summary judgment, be denied.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: April 11, 2006